13079.   EDWARD ROSE COMPANY *v.* GATTI-GOODYEAR COMPANY.

The petition did not set out a cause of action, and the court erred in overruling the general demurrer.

DECIDED MARCH 8, 1922.

Action on contract; from Fulton superior court — Judge Pendleton. November 18, 1921.

*Little, Powell, Smith & Goldstein,* for plaintiff in error, cited: 116 *Ga.* 945, 949-50; 119 *Ga.* 597; 140 *Ga.* 435, 446-8; 143 *Ga.* 845; 23 *Ga. App.* 291 (5); 61 S. E. 185.

*Rosser, Slaton & Hopkins,* contra, cited 127 U. S. 379.

BROYLES, C. J.    The Gatti-Goodyear Company, a corporation, brought suit against Edward Rose Company, a corporation, on the following contract:

"Greenville, S. C., December 31, 1919.

"We confirm having sold you the following: Quantity: About 30,000 pounds monthly Dirty Dust House Fly, quantity estimated but not guaranteed, but to include all that we will accumulate during 1920.    Price: 1-5/8 cent per pound.    F. o. b. shipping point of the Mills or Greenville, S. C.    Terms:  Net cash thirty days.    Shipment:  Monthly as accumulated.    Remarks:  The quality of this stock is to be just as produced by the mills.

(Signed) "The Chester Goodyear Co., per G. M. Goodyear, Treas.

"Accepted:

"Edward Rose Co.

"C. H. McMillian."

The petition alleges that on November 29, 1920, this contract was assigned by Chester M. Goodyear Company to Joseph Gatti, and that on December 7, 1920, Joseph Gatti assigned it to Gatti-Goodyear Company, the plaintiff in this case.    The petition shows that on December 6, 1920, the plaintiff shipped to the defendant 22,129 pounds of the commodity contracted for, and that this shipment was refused by the defendant, and that the contract-price thereof was $359.59, for which sum plaintiff sues.    The petition further alleges that in December, 1920, plaintiff had on hand 14,950 pounds of the same commodity which it sought to ship and deliver to the defendant, but which the defendant refused to allow the plaintiff to ship, and that this refusal was a breach of the contract and damaged the plaintiff in an amount equal to the difference between the contract-price of the goods and the market price, to wit $205.56, for which additional amount suit is brought.    The petition alleges that the accumulations sued for were from the same mills as previously accumulated from, and none other, by Chester M. Good-

year Company, and that the accumulations were from the mills being accumulated from at the time the contract was made and subsequently; and that Chester M. Goodyear Company was accumulating from various mills at the time the contract between it and the defendant was made. The petition, however, does not allege that the goods sued for were not greater in quantity than they would have been if they had been accumulated by the Chester M. Goodyear Company, although the accumulation sued for was from the same mills as previously accumulated from by the Chester M. Goodyear Company. It does not appear from the petition that Chester M. Goodyear Company took over *all* the accumulations from those mills, or that the plaintiff did not take over all of such accumulations. In other words, the petition does not show that the accumulations sued for would have been included in the accumulations of the Chester M. Goodyear Company for the year 1920, had the contract not been assigned to the plaintiff. Hence, even if the contract were assignable (which question is not here passed upon), the petition does not show that the goods sued for were accumulated in accordance with that contract. Under these circumstances the defendant, not having consented (so far as the petition shows) to the assignment of the contract, and not having in any way ratified the assignment, was not legally bound to accept the shipment made, or the shipment tendered, by the plaintiff.

It follows that the petition did not set out a cause of action, and that the court erred in overruling the general demurrer.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*